Curia, per

Evans, J.
This is an action on the case. The declaration sets out, with sufficient certainty, the following facts, viz.: 1. That the plaintiff, a citizen of Union district, *was absent from home, attending to some private business, at or in the vicinity of the town of Columbia. 2. That whilst he was thus absent, the defendant, falsely *12 and maliciously, and with intent to injure him, and to produce a belief amongst his creditors that the plaintiff was unable to pay his debts, and had absconded, and so concealed himself that the ordinary process of law could not be served upon him, said, of and concerning him, that the plaintiff had left the country, and would not return ; that all his property, consisting of land and negroes, and other chattels, belonged to him, the defendant, until the plaintiff’s return ; and if he never returned, was his, absolutely. 3. That in consequence of these false reports, divers of the plaintiff’s creditors, believing him to be an absconding debtor, sued out, and levied on his property, divers domestic writs of attachment, which they would not have done, but for the false statements of the defendant. 4. That by reason of the premises, the plaintiff was obliged to return, suddenly, to Union, leaving his business at and near Columbia unfinished, whereby he was put to great trouble and expense ; and that he sustained great loss and damage in paying the costs of the attachments, and discharging his property from the liens thereof. To this declaration there was a general demurrer, which was overruled by my brother Gantt, at the extra Court for Union, in March, 1839, and the case came on for trial, before me, at the regular term of the Court the week after. On the trial, all the material allegations in the declaration were proved by witnesses, and the plaintiff had a verdict. The defendant appealed, and moved this Court to reverse the decision of the Circuit Court on the demurrer, on the ground that no action lies on the case made in the declaration and proved on the trial. There are some other grounds, but this is the only one which it is thought necessary to consider. The case has been held under advisement for some time, on account of some deversity of opinion among us. During this interval, I have turned my attention particularly to that class of wrongs, for remedy of which an action on the case lies, and the result of my examination has been, that the imagination of man can scarcely conceive of a case where one man has sustained a direct pecuniary loss by the unlawful act, the fraudulent conduct, or the malicious words, of another,(a) for which an action on the *case will not lie. The broad rule, as laid down in Comyn’s Dig., is, “that where one man has sustained a temporal losss or damage, by the wrong of another, he may have an action on the case, to be repaired in damage.” I do not propose to consider the great variety of cases in which relief is granted in this form of action, but shall confine myself solely to the inquiry, whether the plaintiff’s action can be sustained, according to the rules of law, and the authority of adjudged cases. To do this, we must understand the proper import of the defendant’s words, as laid in the declaration, and proved on the trial. As I understand them, they mean : 1. That the plaintiff had conveyed to the defends,nt all his property, without making any provision for his debts, and consequently, intended to defraud his creditors. 2. That he had removed or was removing, out of the State, without paying his debts, and was therefore either an absent or absconding debtor. These words, if spoken of a merchant or tradesman, would have been actionable per se. (b) They are defamatory, for it is said in 1 Com. Dig., 261, (title action on *13 the case, D. 25,) that for saying of a merchant or tradesman, “ that he is fled and gone, and I shall lose my debtor, “ that he is run away, and never will return,” an action lies. Now, it cannot be questioned that defamatory words, which, if spoken in relation to one’s trade or employment, are actionable per se, the same words, if spoken of another class of persons, are actionable, if the person of whom they are spoken has sustained, in consequence thereof, a direct pecuniary loss. But the authorities go still further than this. In Chitty’s Practice, (1 vol. 44,) after enumerating the various classes of words which are actionable on the presumption of damage, and dividing them iuto four classes, he says : “5th, any words occasioning actual damage.” Thus, in Shepard vs. Wakeman, (1 Lev. 58,) “Where the plaintiff was to be married to such a one who intended to take her to wife, and the defendant, falsely and maliciously, to hinder the marriage, wrote a letter to that person, that the plaintiff was contracted to him, whereby she lost her marriage. After verdict for the plaintiff, it was moved that the action lieth not, the defendant claiming title to her himself, like as Garad’s case, 4 Co., for slander of title. But after divers motions, the plaintiff had judgment, for it is found malicious and false. ” This case fully sustains the text in Chitty, *that words occasioning actual damage, are actionable, and that it is not necessary they should be defamatory. This doctrine, however, must be taken subject to the limitation that the injury complained of must not be the unlawful acts of others, because they are answerable themselves, and the damage sustained must be the immediate consequence of the defendant’s words. 8 T. R., 1 ; 2 Stark. Ev., 872.(a) In conclusion, I am satisfied the loss sustained by the plaintiff was the direct consequence of the false and malicious assertions of the defendant. It is so alleged in the declaration, and was so proved on the trial; and also, that the suing out the attachments was not such an act as would have sustained any action, against those who sued them out, by the plaintiff. It is alleged in the declaration, and the demurrer admits it, that the design of the defendant was to produce a belief among the plaintiff’s creditors, that he had absconded, and so concealed himself that the ordinary process of law could not be served. He has no ground to complain that they believe him, and acted accordingly.
Dawkins, for appeal. Thompson, contra.
The motion dismissed.
Gantt, O’Neal, Earle, Butlee, JJ., concurred, RICHARDSON, J., dissented.

а) Campbell vs. Kinloch, 9 Rich. 310. An.

 Cheves, 19. An.

 See Kelly vs. City Council, 4 Rich. 431. Harrison vs. Berkley, 1 Strob. 548. Street vs. Augusta Insurance Co. 11 Rich. Also cases cited 2 Rice’s Dig. 295. An.